BRYAN, Judge,
dissenting.
The main opinion explains the procedure for making an election pursuant to 26 U.S.C. § 338:
“26 U.S.C. § 338(g)(2) provides that an election under that section ‘shall be made in such manner as the Secretary [of the United States Treasury Department] shall by regulations prescribe.’ Treasury Regulation 26 C.F.R. § 1.338(h)(10)-l(c)(3) provides that an election under § 338 is made ‘on Form 8023 in accordance with the instructions to the form.’ At the time of the merger *286 transaction, the instructions to Forra 8023 provided, in relevant part:
“ ‘Persons making elections under section 338 must file Form 8023.
“ ‘Generally, a purchasing corporation must file Form 8023 for the target. If a section 338(h)(10) election is made for a target, Form 8023 must be filed jointly by the purchasing corporation and the common parent of the selling consolidated group (or the selling affiliate or S corporation shareholder(s)).
[[Image here]]
“ ‘File Form, 8023 by the 15th day of the 9th month beginning after the acquisition date to make a section 338 election for the target corporation. File Form 8023 with the District Director (Attention: Chief of Examination) for the Internal Revenue district where the main corporate office (headquarters) of the purchasing corporation is located....’”
55 So.3d at 279 (some emphasis omitted).
The record on appeal contains evidence indicating that the parties to the transaction in this case intended to make an election under 26 U.S.C. § 338. However, there is no direct evidence indicating that a Form 8023 was filed pursuant to the applicable regulation. A Form 8023 must be properly filed in order to make a valid election under § 338. Therefore, I believe that the trial court erred in concluding that the parties to the transaction made a valid election under § 338 to treat the transaction as a sale of the assets of Zebra.Net, Inc. (“Zebra.net”). Because such an election was not made, the transaction in this case should be treated as the sale of stock owned by Zebramet’s shareholders. Section 40-18-2(a)(6), Ala.Code 1975, imposes an income tax on “[ejvery nonresident individual receiving income from property owned or business transacted in Alabama.” James E. Prince, Jr., owned his Zebra.net stock in Mississippi, his state of residence, and the sale of that stock occurred in Georgia. Because Prince, a nonresident of Alabama, did not own his stock in Alabama and did not transact any business in Alabama, he was not subject to Alabama income tax. Accordingly, I would reverse the trial court’s summary judgment affirming the income-tax assessment made by the State Department of Revenue (“the Department”) against Prince.
Moreover, even if the parties to the transaction made a valid election under § 338, I believe that the facts of this case are materially indistinguishable from the facts in Lanzi v. Alabama Department of Revenue, 968 So.2d 18 (Ala.Civ.App.2006). In Lanzi, a plurality of this court concluded that Alabama lacked jurisdiction to impose income tax on a nonresident whose only connection with Alabama was his limited-partnership interest in an Alabama limited partnership. Like the nonresident in Lanzi, Prince lacks the minimum contacts with Alabama needed to subject him to Alabama jurisdiction under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. I recognize that a court is obligated to avoid addressing constitutional questions unless doing so is essential to the proper disposition of a case. See Lowe v. Fulford, 442 So.2d 29, 33 (Ala.1983). However I cite Lanzi as only an alternative basis for reversing the judgment of the trial court if a valid election was not actually made under § 338.[5]

. This case provides an example of why peo-pie may become easily frustrated by govern *287 ment action. In 2000, Prince paid income tax in Mississippi on the gain received from the transaction in this case. Zebra.net filed its informational tax return with the Department in June 2000. However, the Department did not initially assess income tax on Prince until November 2004. The Department contends that Prince may claim a credit in Mississippi for income tax paid to Alabama. However, Mississippi law provides a three-year limitations period for income-tax refund claims, Miss.Code Ann. § 27-73-5 (2009); that limitations period has long since expired. Consequently, it now appears that Prince will have to pay state income tax in both Mississippi and Alabama, arguably through no fault of his own.